Burstein? Yes, thank you, Your Honors. Good morning. Devin Burstein, on behalf of Mr. Galloway. With the Court's permission, I'm just going to jump right into the statute of limitations issue. I think the question for this Court is rather simple. When an offense is complete, such that the statute of limitations has begun to run, it has been triggered, can a later act restart the limitations period? Now, when it's a non-continuing offense, not a conspiracy, when it's a non-continuing offense, the answer is, and must be, no. And I think, I tried to do a good job in my briefs, but I really think the Fourth Circuit did the best job. And I know it's a slightly different context, but just a quote from Uskinski. I think that's the 11th. Is it the 11th? Yes. Well, I apologize. Not this Court, but they did a great job, whoever wrote Uskinski. And they said, under Section 7201, when tax evasion – Maybe you should have said 8th. You've got the right guy here. I know. What's so funny about that is that the one case the district court – this is just an aside, but I think we all enjoy it. The one case the district court relied on is Perry, of course, which is an 8th Circuit case. It's a case that's been abandoned in the government's brief. It doesn't appear anywhere, I noticed, last night. So I thought that was an interesting aside for the 8th Circuit. But going back to Uskinski, and just a quote, under Section 7201, when tax evasion involves the filing of a fraudulent tax return, the offense is complete upon filing. Because the defendant's tax evasion was complete upon the filing of his return, his false statements to the government were not a continuation of his crime. The Court goes on to note that false statements in this context involve a notion conceptually separate from tax evasion. They constitute an effort to prevent the government from discovering tax evasion, and that obstruction is separate and distinct from the obstruction of the collection of revenue. Counsel, what did they indict your client for? 7201, the same comment. Willfully attempting to evade and defeat the payment of income taxes due and owing by him for those years, right? For each year, yes. Okay, and if I look at MAL, which is our case, it says an evasive act that occurs after a tax liability has become due and owing can be evidence that defendant attempted to evade the payment of taxes. Absolutely. And therefore, why is not what he did in this particular situation evidence that he attempted to evade the payment of taxes? It is. It is evidence, but it doesn't change the statute of limitations. Well, of course it does, because the statute of limitations runs on the last act of evasion. No, Your Honor, respectfully, it doesn't. Well, that's what Carlson says. No, I was going to quote Carlson. The statute of limitations for evasion of assessment begins... No, we're not talking assessment. We're talking, that's why I had you talk about the indictment. The indictment says willfully attempted to evade and defeat the payment of the taxes. It doesn't have anything about assessment as evade the payment of the taxes. And therefore, because that's what was indicted, and this evasion runs from the last act of evasion given this tax payment, I don't know why it didn't start when his last chance was. That's fair enough, Your Honor. Can I point you to footnote 13 of the government's brief? Zatarra and Carlson are evasion of payment cases. This case involves Galloway's evasion of tax assessment. And so? And so then we go back to Carlson. But all I'm saying is, so what if the government's mischaracterized what was there? I looked at the indictment. I was looking at what does the indictment say? That's when the statute runs. Then Sassoon answers Your Honor's question. Either Carlson answers it in my favor if the government's right and it's an assessment case, or Sassoon answers it in my favor if Your Honor's right and it's an evasion of payment case. Well, frankly, Carlson answers it if it's an evasion of the payment. It says evasion of payment runs from the last date of the evasion, and the last date of the evasion then is what happened here. No, Your Honor. Respectfully, Carlson, to quote, the statute of limitations for evasion of assessment begins to run from the occurrence. We're not talking assessment again. Oh, well, then Sassoon. Then we go to Sassoon. Why can't we look at Carlson? It talks about the evasion on payment of taxes as well. Because Sassoon is a Supreme Court case. Sassoon says tax evasion is complete as soon as the false and fraudulent understatement of taxes is filed. And this is the point, Your Honor. And I think where we're talking past each other, and I'm certainly not trying to give you the business, but I think where we're talking past each other is we're talking the difference between evidence and the completion of a crime. A crime is complete, and this is binding, black lettering. Frankly, when I read Maul, I look at what an evasive act is, and it says an act that occurs after a tax liability has become due in owing can be evidence that attempted to evade the payment. Therefore, it can be that which starts the statute. No, Your Honor. Respectfully, let me give you an example. Let's forget the tax stuff. Let's just step aside. Okay. Somebody commits a robbery. Mr. Jones commits a robbery. Okay? Then later on, the robbery is complete. Later on, he brags to his friend, Mr. X, hey, look at all this money I just got. The statement to Mr. X is evidence of the robbery, but it doesn't start the statute of limitations. It doesn't continue it. That's what's fundamentally different. Evidence doesn't continue a crime that is already complete. The government has lots of evidence in this case that could come after the crime is complete. I mean, that's the whole idea of cognizance of guilt. Like, let's just say somebody, you know, I grab this microphone and run out of the court, right? I've sought to prevent it, right? And then a cop says, what are you doing? And I said, I'm taking the microphone. Well, my statement to the cop maybe three or four days later is evidence that I just stole the microphone, but it doesn't start the statute of limitations. And there's a reason why. It's not just me saying this. The reason why comes from the Supreme Court or from this court in Massa, I'm going to butcher it, Massachio. A crime is complete as soon as every element of the crime occurs. The element of the crime here occurred upon the filing. Just like me taking the microphone, Judge Smith, and running out of this court. Doesn't that depend on the difference between the evasion for as assessment and evasion of payment? Potentially, but not here. At the time that the agents talked to your client in 2010, had there been any determination of the assessment? Had the IRS said, it's pretty clear, you owe us more money? Yes. Yes. But I want to add, because now I'm a little, respectfully, I think it's, I'm hearing payment and I'm hearing assessment. And it's a, I'm just trying to, the government says assessment. Judge Bybee, your question is, I think, saying assessment. And Judge Smith is saying payment. It strikes, well, it strikes me that this is, that this case is better, was better prosecuted as a, as an evasion of assessment, rather than an evasion of payment. Payment, of course, is inevitable upon assessment. But, but there's, but the cases do seem to find a difference between an assessment case and a payment case. They do, and the government has said it's assessment. And that was a little bit of my trouble. Well, Judge Smith, what Judge Smith has pointed to is that count one is titled attempt to evade and defeat payment. And the word payment is used in count one and the other counts. If you go back to paragraph 12, which comes before count one, the government clearly says it's in order to evade assessment. Assessment. And that's why I'm treating it in terms of the assessment. And what we have there is the clear language from Carlson that answers this question. And we have to remember that long before this interview, two years, and my friend can correct me because he was trial counsel, if I'm wrong, but two years this audit had been going on, if not longer. But had the IRS made any determinations at that point that the, that there was an assessment problem? Final determination, no. But it was clear. I mean, that's what, but then Carlson's language couldn't make sense. Because then, then Your Honor, and I'm not trying to put words in your mouth, but then Your Honor is positing a principle that the statute of limitation doesn't run from the defendant's conduct, but from the IRS's conduct. No, I'm just trying, I'm just trying to figure out, I'm just trying to figure out if they had made any judgment at that point. If it's an assessment case, then they've probably got six years from the time that he files his income tax. That's exactly right. That's exactly right. They've got six years to figure it out. Now, if he goes around, if he, if he says, I owe you $100,000, but I don't have it, and then he's hiding money in the Bahamas, that's a different problem. I agree. I mean, that's my whole argument. That's it. I mean, you know, jokingly, I could just sit down. Right. They had six years to figure it out. That's what Carlson says. Right. And so for counts one, two, and three, it's over. That's exactly how we get there. If, if you were to prevail on your statute of limitations argument, you've still got one more count. The judge, the judge made all of the, which you can't avoid on statute of limitations grounds. Agreed. The judge said that everything, everything's going to get 21 months to be served concurrently. We, we go back to Judge Strohs, and Judge Strohs gives your client 21 months on, on, on count four. Potentially. And you're right, you're right where he is right now. Well, no, because we have special assessment issues. Okay. He would get $100 back on each count. That would be returned to him. I mean, obviously, the judge could also say, I gave you, I would hope, a sentence based on all of the counts, and I'm not going to give you the same sentence, but you're right. Judge, the judge, the district court could give him the same sentence. You are absolutely right, Your Honor. One count, we have no defense to on statute of limitations. I've conceded that throughout. Our, our, our problem is with counts one, two, and three for the reason Your Honor just hit. If the court has questions about, I think you understand my argument, whether you agree with it or not. I, I hope you do. I'm happy to talk about the Fourth Amendment. It's really my favorite thing in the law, but if, if not, I will sit down. I know the court has a busy calendar. Okay. I'd like to reserve the remainder of your time. Thank you, Your Honor. Mr. Tierney. Thank you, Your Honor. Members of the panel, good morning. My name is Michael Tierney. I'm an AUSA in Fresno. I'm here arguing on behalf of the United States. I'd like to start by attempting to clear up this question of whether it was an evasion-of-payment case. Okay. It was an evasion-of-assessment case, despite what the — Despite the indictment? Despite a couple of — Despite what's in the counts? Despite a couple of places in the indictment where it refers to evasion-of-payment. I will note that the indictment does also refer to evasion-of-assessment when it talks about the specific issue of Mr. Galloway's false statements. That's in paragraph 12 of the indictment where it says, Mr. Galloway made numerous material false statements in order to evade assessment of income taxes. So there were some errors when the indictment made reference to evasion-of-payment. But the upshot of all of that, Your Honors, is that it doesn't matter because what this Court said in Mull and other cases is that it's not two different crimes. 26 U.S.C. 7201 doesn't prescribe two different crimes. It prescribes one crime. Right. Two different ways of doing it. But the time in which the crime accrues or is complete may be very different. Actually, no, Your Honor. And here's why. Because every court to have considered this issue in the context of statute of limitations has said, take a look at the indictment. Take a look at the last charged act to complete that crime. If that last act was within six years, then you're within the statute of limitations. So you're saying, take a look at the indictment, which I did, but now I'm not supposed to look at the indictment. I'm supposed to look at some part of the indictment. You want me to look at because he was only charged with assessment. Is that your argument? So I'm to look at assessment and not payment, and looking at assessment, I'm to suggest that the statute hasn't run? Yes, and here's why, Your Honor. That's the good question. Because it seems to me that Judge Bybee's questions to counsel were pretty adequate in addressing that issue, and I couldn't wait to get you up here to talk about that. Great. Well, great. I'm excited to talk about it too, Your Honor. In the normal evasion of assessment case, what we have is evasive acts first, then the filing of what's usually a false tax return or the non-filing. And so the last act to complete that crime is the filing. Evasive acts first. You cook the books first. You give those numbers to your accountant. Your accountant files the garbage tax return. It's complete. Because you've got to have three elements, as we know. I'm just quoting from U.S. v. Kaser on this one, which was cited in my answering brief at 37. You've got to have willfulness, the existence of a tax deficiency, and an affirmative act constituting evasion or attempted evasion of tax. All of that, which would have been completed upon the filing of those false income tax. Yes, exactly. That's right. A crime of tax evasion was certainly complete when he filed those false taxes, but not his only crime of tax evasion. Okay? And I think that's a point that's actually illustrated very well. You're suggesting that the 2010 statement, evasive statement to the agents, the one that at best wasn't helpful, at worst maybe was lying, is itself a complete crime, a new crime? Yes. So you didn't charge him for filing false tax returns. You charged him with evasion of taxes because he gave an evasive statement to agents in 2010. Exactly, Your Honor. And all about assessment. I'm sorry. Evasion of assessment, yes. Because that's the thing I want to make sure of. We're still on assessment. You're going to say that this statement is an evasion of assessment? Yes, because still in that 2010 interview they had not been able to assess his taxes because he had filed them, but they were under audit and they were trying to figure out what that real number was. They weren't able to do it. And just to return to Judge Bybee's point, if you look at counts 1, 2, and 3 of the indictment, it charges evasion, and then the last act that's charged is making false statements to IRS special agents and a tax compliance officer to conceal the defendant's income during the 2003 tax year. You're not even charging him for filing false tax returns. Well, I will say that — You're charging him. Your claim is 7201 makes it a crime to willfully attempt in any manner to evade or defeat any tax, which could include lying to agents. Exactly, Your Honor. It's sort of like an obstruction of justice claim, but it just is ongoing. As long as he's lying, then the statute of limitations continues to start again. Well, perhaps not ongoing. What I would say is repeated. But it's another crime for sure. Exactly, Your Honor. We started out by you talking about the elements of tax evasion, willfulness, existence of the deficiency, and an affirmative act. The first time you said it was the affirmative act resulting in the filing. Now you're saying the affirmative act is the statement? No. Well, if I said filing, Your Honor, then that only goes to count four, which was charged as the filing. Counts one, two, and three were charged with the last act being the false statement in 2010. And I think this case of Norwood — Now I'm really confused because if I look at count one, it says beginning on January 1, 2003 and continuing through February 23, 2010. And if you're going to tell me that just the lying, that all you're doing is charging him with lying to agents in 2010, I've got to rethink the case. But if you're talking about filing the false tax returns, then that's a completely different case, and I think the government's in trouble. Then on that specific point, Your Honor, what I do is I would point you to United States v. Carlson, which we've talked a lot about. So counts one, two, and three in Carlson charged evasion of assessment for the 1991, two, and three tax years, and they were charged in 1998. And in the evasion of assessment portion, what Carlson said is — and then counts four and five in that case were evasion of payment for the 1981, two, and three tax years. So what Carlson said was, hey, I've been making evasive acts since the 80s. You can't use, in those 1991, two, and three cases, you can't use any of those acts against me. Those are long out of statute. And what the court said is, no, here in the evasion of assessment cases, you were charged with tax evasion, but you can't prohibit the government from going back and talking about your earlier acts because for the 1991, two, and three tax years, you had a bunch of evasive acts, and those weren't — but the crime of evasion that was charged in Carlson was not complete until he had an actual tax deficiency. And so what the court said was, you can't use the statute of limitations as a rule of evidence. In statute of limitations, we're just looking at what's the last for evasion of assessment. We're looking at what's the last — and payment, too, really — what's the last evasion. You're telling us that 2010 is a standalone crime. Yes. But that's not the way you charged it. Well, that's — Not when you tell us that we started in 2003 and went on to 2010. You've got to tell them that it's a 2010 statement is a standalone crime because that's the only way you're going to get it under the statute of limitations. That's the crime that the jury convicted on, Your Honor. And that's because — Well, which count charges him just with lying in 2010? Oh, so for counts one, two, and three. Count one charges something that starts in 2003 and goes through 2010. You're telling me that it's just the lying. You're finding the same problem I had with your counts as it relates to, if you will, assessment. So the way that the case came to the jury was the court instructed you had to find an evasive act within the statute of limitations and gave the jury a special verdict form for counts one, two, and three. For each one of those counts, what the jury found was that Mr. Galloway's false statement in 2010 was an evasive act and was an affirmative attempt to evade. But if he had been interviewed in 2003 and given a false statement, you would have had to charge him by 2009. Yet you didn't. If he lies to you again in 2010, your theory is we get to start again. We can indict him as late as 2016. You indict him in 2014, so it's timely. But if you tell me that you're going to charge him from 2003 on to 2010, I've got to have something that tells me that what he did in 2003 was wrong. And that's right here in the last sentence of each one of counts one, two, and three, that he made an evasive act on or about February 23rd of 2010, making false statements to IRS special agents and a tax compliance officer to conceal. But that has to be a stand-alone crime, because you can no longer charge him for filing a false tax return. Yes. Because the statute of limitations has run on that. Right. That is the stand-alone crime. Although, again, as in Carlson, his evasive acts before that didn't count for nothing, and that's one reason why it's alleged that way, because, you know, he filed a false tax return in 2003. In 2010, he's being audited. I mean, he's talking to you. So what we have here, then, is that he issues one statement to the officers, to the agents, on February 23rd, 2010, and it counts for three different years. So the one statement gets him indicted for three different things, because the statement of, no, I wasn't doing that relates to tax years 2003, 2004, and 2005. That's right. Which the agents told him about at the beginning of the interview. We're here to talk about those three tax years, and they even showed him his 2003 tax return right before he made that false statement. So, Your Honor, I think just to illustrate sort of why this becomes a new crime, I'd point the court to Norwit v. United States, which actually the appellant cited a couple of times in his reply brief at page 4 and his opening brief at page 32. And that involves a defendant who had filed tax returns in 1943 for two tax years. He filed for two tax years, 1943 and 1944. And he said, okay, once I filed those, my crime was complete. Nothing I do afterwards can constitute a crime of tax evasion for those tax years of 1943 and 1944. He said the offense has been completed for that year, and nothing done thereafter can constitute a new offense. And this court rejected that. What it said is those, and it analogized to separate crimes. So what the court said is, well, that's just like saying you attempt to assassinate the president on January 1st of 1952. Sure, that's a completed crime. But if you try to assassinate him again the next day, then that's another crime. And so that's a direct refutation from this court for the principle that Mr. Galloway is guilty. We had two different filings, filings for two different years. Well, that's right. Those are two different crimes because he's required to file each year. Well, just to make clear, they're talking about two different tax years. But what he did was he filed originally in 1943 for the 42 tax year and 1944 for the 43 tax year. Then he filed amended returns for both in 1945. And so we're talking about two different counts. So it's not, Judge Bybee, it's not that the subsequent filing brought with it a new count. It's the fact that there were two filed tax years. He said for both of those years, my crime is complete. You can't charge me with anything else. What the government was doing there was charging him for amended filings that he made for both of those years. Well, mine just feels very different. I might file a correct filing this year and then file an amended filing later on that says, no, I was wrong in what I did, and here's what I really do, and you owe me some money back. And then you can come back and say, what are you talking about? You lied on your amended return. You told us the truth the first time. You lied the second time when you thought you'd just get some money back. But the statute does not preference the filing of a return over any other evasive act. 7201 prohibits willfully attempting in any manner to evade or disobey an event. Right. But that's your straight-up argument, that lying to the agents is a complete separate crime. Correct. Independent of any other act. Correct. And even if he had — whether he had filed an amended return and the amended return was correct or not, if he lied to the agents, then he's — then he is liable. Correct. Even if his return was 100 percent accurate. Correct. Correct. I don't see that that's the way you charge this. Well, Your Honor, we respectfully disagree with that. And I'd point you to in the indictment where the indictment talks about — paragraph 12 talks about Mr. Galloway making false statements on February 23, 2010, in order to evade the assessment of income taxes. And then each one of the counts follows up by confirming that the last affirmative act, the crime that is being charged, is making false statements to — on February 23, 2010. And I'd hook that in with the instructions on the statute of limitation and the jury's verdict, which said you have to find an act within the statute. Do you find any of the following? And the jury found that the false statement made in February 2010 was an affirmative act that was made to evade the — to evade taxes for each one of those tax years. Do we have any case law that would suggest that making the false statement after having not had any deficiency thus far and not having — simply going forward to find the deficiency that making the false statement is the crime? Do I have any other case that says that? Your Honor, I see that I'm out of time. I got a chance to ask you that question. Okay. All right. You can't avoid the question that easily, counsel. I mean, the problem — As much as I would love to answer that question, Your Honor, I'm out of time. The problem comes in that I couldn't find such a case. So I will answer that in two ways, Your Honor. First of all, there is — on the principle of whether a false statement to tax authorities constitutes an evasive act, there's clear Supreme Court authority on that. That's United States v. Beacon Brass. And so making false statements whenever they're made, that is an evasive act. Second, while this court has not specifically decided the case, there is the Sixth Circuit Dandy case where the defendant filed false tax returns. Then he later took a series of evasive acts, like telling — in that case, he was getting — he was buying some things from milk suppliers, and he was having them pay the rebates to him in the form of, like, gift certificates in cash. The IRS came to investigate him, and he got spooked, and he started telling that supplier, okay, give him only some of the checks that you sent my company. Don't give him the ones that you sent me. And he made some other false entries. And the Sixth Circuit said, those evasive acts. So it was the 19 — It was fraudulent, favored for assessment. That was an assessment case, the way I read it, Your Honor. And I could be wrong about that, but I believe it was an assessment case. And so what the Sixth Circuit said is, those evasive acts that you did in 1985, those are sufficient to satisfy the statute of limitations. Because the taxes, I believe, were filed in 1982 and 83, and the indictment came down in 1990. So what the court said there is, those evasive acts, they're evasive, number one, and they relate back to those 82 and 83 tax years because they prohibit the IRS from clearly seeing what was going on here. And that's what Mr. Galloway was doing. He was making false statements in 2010 to obscure his 2002, sorry, yeah, 2003 and four. Man, 2003, four, and five taxes. And with that, Your Honor, thank you very much for your time. Thank you. Thank you, Mr. Tierney. Mr. Burstein? Your Honor, thank you very much. Three quick points. Can I ask you a question? Does the level of sophistication make any difference on this issue? In other words, the IRS is out investigating. They haven't assessed yet. And let's assume Mr. Galloway comes up with a much more sophisticated way to cover up this crime. He creates some false checks from his mother saying that she had gifted him the money. That's why he didn't show it as income. He creates a bunch of other false documents, gives them to the IRS, hoping that that will throw him off the trail, so to speak. Does that make any difference, the level of sophistication or the amount of acts that are taken to hopefully cover up and impede the assessment? What I'm reminded of is Judge Bybee's questions about that being a separate offense, and perhaps it could be charged as a 1001, but it doesn't change the assessment case law. And so respectfully, the answer is no, but sort of, because perhaps that could be charged as another crime. And that really gets me back to the three points I'd like to make. So, one, Dandy, no. Dandy is an amended returns case. It runs from the amended returns. That's the simple answer. Number two, I think what my friend just said is the charge here was based on just the latest, the last statement. But I'd like to point the court to ER 1107 and what he argues to the jury. And the fourth element is that his evasive act has to be willful. He has to know that the federal law imposes a duty on him,  and here, as you heard testimony from IRS court witness Christy Morgan, there is a legal form right there, legal language right at the end of the return, right where the defendant's signature is, that says you have to be certifying, the taxpayer has to certify that all the information they're providing is correct. So he knew it, and he signed it, and he signed a couple of these forms in person that authorize his signature electronically. Either way, he knew that he was under a duty to report true, accurate information to the IRS and he was under a legal obligation to do so. So it wasn't just that, but here's the real crux of what I just heard, and maybe I heard wrong, but I'm surprised because it occurs to me that the government just walked itself into a fundamental duplicity problem. Under the questioning from Judge Bybee, I'm pretty sure my friend just answered that there's two separate charges in each count. And if that's true, then not only does count one, two, and three fail, but then also count four fails, I think. Well, I have to go back and check that. Because if there's two charges, two separate assessment charges in each count, then there's a fundamental double jeopardy problem. Then it's a duplicitous count. Now, we didn't address that in our briefing because this is the first I've ever heard of that. But, I mean, that's the... Let me start with a little bit different question, and then I'll get around to it. Just looking at 7201, could a person be charged with willfully attempting to evade or defeat attacks imposed under this title if he's interviewed and lies to the agents? Can he be charged with that alone? Aside from whether your client was charged that way in this indictment, does 7201 extend to that? That may duplicate that somebody could be charged under 1001 for perjury, but I don't, I mean, frankly, I don't know the answer to that question. Is there any case? I haven't seen any case. Every case talks about the filing. Either assessment or payment. Or the failure to file. I've never seen a case where there's a filing, and so we're taking pretty far afield. I'm just trying to answer frankly. I don't know, but I've never seen a case like that because that's not the way these IRS cases come about. There's either a failure to file, some tax protester who doesn't believe he's covered, you know, he's not a person under the code or whatever, capital letters are not used, and they never file. Or they file a fraudulent return or they file amended fraudulent return. And so that's why we know that it stops when the return is filed because that's what we talk about, the offense being complete, and we can go full circle. I take the microphone. I run away. Nobody catches me. Five years later, the cops show up. Mr. Burstein, did you take that microphone right in front of Judge Bivey and Judge Smith and Judge Molloy? No. It doesn't restart the statute of limitations. The crime was complete. The crime was complete here, Your Honors. For counts 1, 2, and 3, they were time barred. We ask the court to vacate those convictions, remand for resentencing on the one remaining count. Thank you very much. The court wants to thank both attorneys for a very interesting argument. Thank you very much. United States v. Galloway is ordered submitted.
judges: Melloy, Bybee, N.R. Smith